**IN THE UNITED STATES DISTRIC COURT**

**FOR THE DISTRICT OF NEW MEXICO**

CARL ERVIN GAGE,

      Plaintiff,

v.                                        No. 25-cv-617 DHU/KRS

COSME RIPOL, District Attorney, *et al.*,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

      This matter is before the Court on Plaintiff's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (Doc. 2) (IFP Motion) and Motion to Amend Complaint (Doc. 6). Plaintiff is a state prisoner and is proceeding *pro se*. He initiated this action by filing a Prisoner Civil Rights Complaint (Doc. 1) (Complaint), in which he seeks monetary damages from Defendants relating to actions taken in his underlying state criminal case. Also before the Court is Defendant Ripol's Motion to Dismiss (Doc. 5). Having considered the record and applicable law, the Court: grants the IFP Motion (Doc. 2) and assesses an initial partial payment; grants Plaintiff's Motion to Amend (Doc. 6); and denies Defendant Ripol's Motion to Dismiss (Doc. 5) without prejudice.

      1.  <u>Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 2)</u>

      Plaintiff's financial information reflects he is unable to prepay the $405.00 filing fee for his prisoner civil rights complaint. The Court will therefore grant the IFP Motion, which reduces the fee to $350.00, and allow Plaintiff to pay in installments. *See* 28 U.S.C. § 1915(b). Plaintiff must make an initial partial payment of "20 percent of the greater of …[his] average monthly

deposits … or (B) the average monthly balance" for the six-month period immediately preceding this action. *Id.*

Plaintiff's financial statement reflects he receives an average of $137.13 per month, and that exceeds his average balance. *See* (Doc. 2) at 3-4. The Court will assess an initial payment of $27.43 (which is 20% of the average deposits) pursuant to § 1915(b)(1). After payment of the initial partial fee, Plaintiff is "required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid. If Plaintiff fails to timely make the initial partial payment, his Complaint may be dismissed without further notice.

2. Plaintiff's Motion to Amend (Doc. 6)

Plaintiff has filed a Motion to Amend in which he seeks to supplement and amend his claims and request for damages. *See* (Doc. 6). Rule 15(a)(2) provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly, under Rule 15(d) the Court may "on just terms" permit supplemental filings that "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The Court will allow Plaintiff to raise additional facts/claims in this case but declines to entertain piecemeal pleadings. Accordingly, the Court will grant the Motion to Amend and allow Plaintiff to file a single amended complaint within thirty (30) days of entry of this ruling. Plaintiff is advised that the single amended complaint will supersede the original Complaint and must include all factual allegations and legal claims that Plaintiff wishes to pursue in this case. If he fails to timely amend his complaint, the Court may dismiss all federal § 1983 claims with or

without prejudice; decline to exercise supplemental jurisdiction over any state law claims; and dismiss all state law claims without prejudice for lack of jurisdiction.

The Court will deny the remaining Motion to Dismiss (Doc. 5) without prejudice as moot, in light of the Court's ruling allowing Plaintiff to file an amended complaint. Plaintiff's claims are subject to screening under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, which requires the Court to dismiss the claims *sua sponte* if Plaintiff fails to state a cognizable claim or seeks monetary relief from a defendant who is immune. Moreover, the Court will generally not address the merits of Plaintiff's claims unless the initial partial payment is paid. If Plaintiff's claims are not dismissed on initial screening, Defendant may refile his Motion to Dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**, and within thirty (30) days from entry of this Order, Plaintiff shall send to the Clerk an initial partial payment of **$27.43**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend (**Doc. 6**) is **GRANTED** and within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint that complies with the above instructions;

**IT IS FURTHER ORDERED** that Defendant Ripol's Motion to Dismiss (**Doc. 5**) is **DENIED without prejudice as moot**;

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with two copies of this Order, and that Plaintiff make the necessary arrangements to attach one copy of this Order to the check in the amount of the initial partial payment; and

**IT IS FINALLY ORDERED** that, after payment of the initial partial fee, Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to his account or show cause why the designated payments should be excused. Plaintiff is reminded that

failure to timely comply with *both* directives, *i.e.* pay the initial partial payment and file amended complaint, may result in dismissal of this action without further notice.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE